IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

ROBERT FRANK SMITH, :
:
    Plaintiff, :
:
v. : Case No. 1:09-CV-89 (WLS)
:
CAPTAIN MARTIN HOUGH, SHERRIFF :
BOBBY MCLEMORE, SEARGANT :
BEATRICE BOONE, NURSE NANCY :
SUTTON, AND SOUTHERN HEALTH :
PARTNERS, INC. :
:
    Defendants. :
_____ :

## ORDER

Before the Court are two Reports and Recommendations (Doc. 53 and 54) from United States Magistrate Judge Thomas Q. Langstaff filed August 27, 2010. Pursuant to 28 U.S.C. § 1915A, Judge Langstaff conducted a review of Plaintiff's claims arising out of alleged violations of 42 U.S.C. § 1983. Judge Langstaff reviewed two pending Motions for Summary Judgment. (Doc. 30 and 33). The Court will address each Report and Recommendation Separately.

**Judge Langstaff's August 27, 2010 Report and Recommendation (Doc. 53)**
*(Defendants Hough, McLemore, and Boone's Motion for Summary Judgment (Doc. 30))*

Judge Langstaff recommended that Defendants Hough, McLemore, and Boone's Motion for Summary Judgment (Doc. 30) be **GRANTED-IN-PART** and **DENIED-IN-PART.** (Doc. 53). Defendants timely filed an Objection (Doc. 56) to Judge Langstaff's Report and Recommendation (Doc. 54). Plaintiff has filed no objections to date. (See generally Docket).

For the following reasons, the objections set forth in Defendants' Objection (Doc. 56) are **OVERRULED** and United States Magistrate Judge Langstaff's August 27, 2010 Report and

1

Recommendation (Doc. 39) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, Accordingly, Defendant's Motion for Summary Judgment (Doc. 30) is **GRANTED-IN PART** and **DENIED-IN-PART**.

## DISCUSSION

Plaintiff Robert Frank Smith, an inmate at Bostick State Prison in Hardwick, Georgia, alleges that his personal items were taken, he was refused medical treatment, and he was subjected to abuse while he was in the custody of Ben Hill County Detention Center. (Doc. 3). Plaintiff alleges that Defendants, Sherriff Bobby McLemore, Captain Martin Hough, and Sergeant Beatrice Boone sprayed him with pepper spray, forced him into a prison shower and tasered him, after he became "somewhat belligerent and started cursing and hollering" when he was refused a prescription medication. (Doc. 46-3).

Plaintiff's Complaint alleges various wrongful actions by Defendants. (Doc. 3). Plaintiff's pleadings do not lend themselves to an easy deciphering of stated claims. However, Judge Langstaff aptly deciphered the following claims and addressed them in his Recommendation, they include: claims of excessive force against Defendants Boone, Hough and McLemore, claims against Hough and McLemore in their official capacity, claims against McLemore for failure to intervene, claims against McLemore for maintaining a custom or policy that violates Plaintiff's constitutional rights, and claims against all Defendants for deprivation of property. (Doc. 53).

As a preliminary matter, Judge Langstaff's Recommendation recommends that Defendant Boone be granted Summary Judgment as to all claims. Plaintiff raised no objection. The Court agrees. Defendant Boone provided evidence that showed she was not at the facility on the date of the alleged incident, and Plaintiff admits she may have been incorrectly named as a

Defendant. (Doc. 30 and 51). For this reason, the Court **ADOPTS** Judge Langstaff's Recommendation granting Defendant Boone Summary Judgment on all claims. Defendants' Motion for Summary Judgment (Doc. 30) is **GRANTED** on the entirety of the Complaint as to Defendant Boone.

Judge Langstaff also recommends that the remaining Defendants, Hough and McLemore, be granted Summary Judgment as to Plaintiff's claims of deprivation of personal property, and all claims arising from the custom or policies regarding prisoner medical care. Judge Langstaff's recommendation further recommends that the Court grant Defendants Summary Judgment on all claims in their official capacity based on Eleventh Amendment immunity. Plaintiff raised no objection. The Court agrees with Judge Langstaff's findings as to these claims and has found no law or facts on the record to rebut the legally sound recommendation of Judge Langstaff as to these points.

Judge Langstaff's found that Summary Judgment should be denied as to Defendants Hough and McLemore regarding the excessive force claim; and that Summary Judgment should also be denied as to the claim of Defendant McLemore's failure to intervene. (Doc. 53). Plaintiff argues that the treatment he allegedly suffered at the hands of Defendant, including the imposition of a seven (7) day period prior to receiving a medical examination is cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

A claim of excessive force under the Fourteenth Amendment is analyzed as if it were an excessive-force claim under the Eighth Amendment. Fennell v. Gilstrap, 559 F.3d 1212, 1216 n.5 (11th Cir. 2009). "In both Fourteenth and Eighth Amendment excessive force claims, whether the use of force violates [claimant]'s constitutional rights 'ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and

sadistically for the very purpose of causing harm.'" Cockrell v. Sparks, 510 F.3d 1307, 1311 (11th Cir. 2007) (quoting Whitley v. Albers, 475 U.S. 312, 320-21 (1986)).

Further, on a Motion for Summary Judgment, the Court must view all the evidence and all factual inferences drawn therefrom in the light most favorable to the nonmoving party and determine whether that evidence could reasonably sustain a jury verdict. Celotex Corp., 477 U.S. at 322-23; Allen, 121 F.3d at 646. However, the Court must grant Summary Judgment if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

As Judge Langstaff discussed in his findings, Defendants Hough and McLemore swear that they were not in the intake area at all during the time of the alleged assault, and that the incident did not happen. Conversely, Plaintiff swears that it did occur.[1] Judge Langstaff found that the conflicting sworn statements, in addition to the absence of evidence on the record created a great difficulty for a reviewing court to "analyze the appropriateness of the use of pepper spray or a taser under the specific facts of this case, or even to determine whether the incident took place at all."[2] (Doc. 53 at 7). Based on these facts, Judge Langstaff found that there remained genuine issues of material fact, such that Summary Judgment on the claim of excessive force and resulting failure to intervene were not appropriate on the record before the Court.

---

[1] Plaintiff alleges that Defendants handcuffed him and dragged him into the intake shower at which time Hough sprayed him in the eyes with pepper spray, Boone "tasered" him with her taser and Sherriff McLemore turned the shower on him. (See Doc. 30-13) summarizing details found in Plaintiff's Complaint Doc. 3¶ at 5). In their Motion for Summary Judgment (Doc. 30) Defendants Hough and McLemore state that Petitioner was never touched forcefully and no pepper spray or tasering occurred. Further, Defendants state that Defendant Hough and McLemore were never at intake (where the alleged incident occurred) and did not have any interaction with Plaintiff that day. (Doc. 30-2 at ¶12, 30-7 at ¶ 9).

[2] To this point Judge Langstaff states the following: "Plaintiff has submitted sworn statements asserting that he was handcuffed, dragged, pepper sprayed, and tasered, resulting in lasting injury. What is not in the record is anything regarding the need for the use of force, attempts to temper the use, danger to prison officials, etc... because Defendants aver that the incident never happened in the first place." (Doc. 53 at 6-7).

4

In response to Judge Langstaff's findings, Defendant's Objection argues that the incident never occurred. (Doc. 56 at 2). Moreover, if the incident did occur exactly as Plaintiff alleges, then the treatment he allegedly received is well within the bounds of the law given the circumstances of the incident. (Doc. 56 at 5). Defendants argue that Plaintiff admits he first became aggressive and then Defendants reacted to his aggression. (Doc. 3). Therefore, any commensurate action Defendants allegedly took in response was discretionary and not in violation of existing law. (Doc. 56)("[i]n determining whether the use of force violates an inmate's constitutional rights, the courts must give a wide range of deference to prison officials acting to preserve discipline and security...")(quoting Cockrell v. Sparks, 510 F.3d 1307, 1311 (11th Cir. 2007).

The Court agrees with Judge Langstaff. If, as Plaintiff alleges, he was handcuffed at the time the Defendants used pepper spray, taser, or shower to subdue him, then a jury could reasonably make a factual finding that Defendant's used excessive force. Even if Plaintiff, who admitted that he was "belligerent," was creating a disruption— he was at least arguably under control at the point he was handcuffed. The use of pepper spray, taser, and/or shower on Plaintiff while handcuffed and under Defendants' control creates a question of fact as to whether excessive force was used, and would support a violation of Plaintiff's constitutional rights if believed by the fact finder.

Here, the law requires that this Court consider "the need for the application of force; the relationship between the need and the amount of force that was used; and the extent of the injury inflicted upon the prisoner." Brown v. Smith, 813 F.2d 1187, 1188 (citing Whitley, 475 U.S. at 321, 106 S.Ct. at 1085). The Court must also consider "the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts

known to them, and any efforts made to temper the severity of a forceful response." Whitley, 475 U.S. at 321, 106 S.Ct. at 1085. Considering all of the above, the Court is also required to give a "wide range of deference to prison officials acting to preserve discipline and security," including when considering "[d]ecisions made at the scene of a disturbance." Bennett v. Parker, 898 F.2d 1530, 1533 (11th Cir.1990).

Applying the law, the Court finds Defendants are not entitled to summary judgment on the present record. Under an excessive force analysis, "[i]f force is used maliciously and sadistically for the very purpose of causing harm, then it necessarily shocks the conscience [in violation of the Fourteenth Amendment]. If not, then it does not." Id. Accordingly, to violate Fourteenth Amendment substantive due process, government action must be "so egregious that it shocks the conscience." Id. (citing Carr, 338 F.3d at 1271). Based on the record before the Court, a question of fact exists and Summary Judgment must be denied. Plaintiff has met his burden and established that a question of fact exists as to whether excessive force was used and his constitutional rights were in fact violated. Defendants' Motion for Summary Judgment (Doc. 30) is therefore **DENIED** as to Plaintiff's claim for excessive force and failure to intervene.

For the reasons discussed above, the objections set forth in Defendants' Objection (Doc. 56) are **OVERRULED** and United States Magistrate Judge Langstaff's August 27, 2010 Report and Recommendation (Doc. 53) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and the conclusions reached herein. Defendant's Motion for Summary Judgment (Doc. 30) is **GRANTED-IN-PART** and **DENIED-IN-PART.**

**Judge Langstaff's August 27, 2010 Report and Recommendation (Doc. 54)**
*(Defendants Sutton and Southern Health Partners, Inc.'s*
*Motion for Summary Judgment (Doc. 33))*

Judge Langstaff recommended that Defendants Sutton and Southern Health Partners, Inc.'s Motion for Summary Judgment (Doc. 33) be **GRANTED**. (Doc. 54). The Report and Recommendation provided the Parties with fourteen (14) days to file written objections to the recommendations therein. (Doc. 12). The period for objections expired on Friday, September 10, 2010;[3] no objections have been filed to date. (See generally Docket).

Upon full review and consideration upon the record, the Court finds that said Report and Recommendation (Doc. 54) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein. Accordingly, Defendants Sutton and Southern Health Partners, Inc.'s Motion for Summary Judgment (Doc. 33) is **GRANTED.**

**SO ORDERED**, this  28th  day of September, 2010.

>  /s/ W. Louis Sands
> **THE HONORABLE W. LOUIS SANDS,**
> **UNITED STATES DISTRICT COURT**

---

[3] Pursuant to Federal Rule of Civil Procedure 6(a)(2).